[No. 5613.]
[No. 2528 C. A.]

BUNKS v. PIERCE.

**1.  Sales—Contracts—Commission—Principal and Agent.**

A real estate owner agreed orally to pay an agent a certain commission, if he would sell the property at a certain price. Subsequently he gave the agent a written option to purchase the property for a smaller sum. Afterwards the parties agreed upon

a contract to be entered into with the intended purchaser which was reduced to writing in the form of a penal bond whereby the owner agreed to convey the property mentioned in the option and certain other real estate for a slightly increased price. The agent then inserted the name of his wife as grantee in the contract and tendered to the owner the cash payment and notes signed by his wife in accordance with the option contract, which the owner declined, but afterwards, and before the expiration of the option contract, the owner signed the contract of sale and offered to complete the sale, which was declined by the agent. Held, that the agent was not entitled to recover the commission agreed upon in the oral contract.

2.  Principal and Agent—Commission.

An agent is not entitled to recover commission upon an agreement to sell real estate, where the sale made and tendered by the agent is upon different terms than those agreed upon in the contract to pay commission, or where the contract of sale varies from the agreement.

*Appeal from the County Court of Fremont County: Hon. Kent L. Eldred, Judge.*

Mr. CHARLES E. WALDO and Mr. CLYDE C. DAWSON, for appellant.

Mr. ORION W. LOCKE and Mr. JOSEPH H. MAUPIN, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

This action was commenced by appellee against appellant in a justice court, to recover a commission of $200.00 for making a sale of certain real estate, the property of appellant.

Judgment by default was rendered by the justice against appellant, who appealed to the county court, where the action was tried by the court without the intervention of a jury, and resulted in a judgment against appellant, from which this appeal.

It seems that, some time in the fall of 1900, appellee met appellant upon the street, and had some con-

versation with him with reference to the land involved, in which conversation appellant said to appellee: "I would like to sell that ground." Whereupon appellee said: "How much do you want for it?" Appellant answered: "Four thousand dollars. I will give you $200.00 if you will sell it."

The date when this conversation took place does not appear from the testimony.

Appellant admits having had the above conversation with appellee.

Thereafter, and on November 12, 1900, a written contract was entered into by the parties, whereby, in consideration of $100.00 paid, appellant granted appellee an option to purchase lot 8 and the south half of lot 9, of Earle and Raynolds' subdivision, on or before December 15, 1900, for the sum of $3,800.00, $400.00 of which was to be paid on or before December 15, and the balance, $3,400.00, in five notes of $680.00 each, due one, two, three, four and five years after date.

Appellee introduced this contract in evidence, and testified that it was the contract under which he took the land.

On or about December 12, 1900, appellee and appellant met and agreed upon the terms of a contract which was to be entered into by appellant and the intended purchaser, which contract was reduced to writing and was in the form of a penal bond, whereby appellant agreed to convey lot 8 and the south half of lot 9, in the Earle and Raynolds' subdivision (the property described in the contract dated December 12, 1900), and also fractional lots 17, 18, 19, 20 and 21, in block 6 in Roe and Harding's addition, for the sum of $3,900.00, upon terms, substantially as provided in the contract of November 12.

This contract, which was introduced in evidence

by appellee, contained a blank space for the name of the grantee.

December 14, 1900, appellant and appellee met for the purpose of concluding the deal, at which time appellee tendered appellant $441.00 in gold and silver (the $41.00 being the cost of an abstract of title which was to be paid by appellee)', and also the promissory notes stipulated for by the contract of November 12.

The name of appellee's wife had been inserted in the body of the contract, and the contract, as well as the notes, bore the signature of appellee's wife.

This tender was made, as contended by appellee, as and for a performance of the contract theretofore entered into between the parties.

At this time some controversy arose between the parties, which resulted in appellant's refusal to sign the contract, at that time.

Appellee contends that appellant's refusal to sign the contract was based upon his refusal to pay taxes which had accrued upon the property.

Appellant's contention is, that his refusal to sign the contract was for the reason that appellee claimed that he would be entitled to a commission of $200.00 if the deal was completed, which claim appellant refused to allow, asserting that the terms of the original contract had been changed, and that appellee had agreed to accept the fractional lots, which were included in the tendered contract, in lieu of a cash commission.

The next day, December 15, 1900, appellant, having, in the meantime, signed the contract, took the same to the house of appellee and then and there offered to complete the deal, which appellee refused to do, which terminated the negotiations between the parties.

At no time did the wife of appellee appear or take part in the negotiations.

From the foregoing it will appear that originally the contract to pay a commission, which was testified to by both parties, rested in parol, and the commission was to be $200.00 on the sale of the property at the price of $4,000.00.

The tender made by appellee December 14, 1900, manifestly does not come within the terms of sale originally proposed by the seller, and, for that reason, appellee would not be entitled to recover in this action if he relied upon the terms of such parol contract.

It abundantly appears from the evidence that, after the parol contract above referred to was made by the parties, a change in the terms of the contract was made, and the written contract or option of November 12 was entered into by the parties. This written contract designated lot 8 and the south half of lot 9 as the property to be sold at the price of $3,900.00, including the $100.00 paid for the option.

The contract tendered by appellee on December 14, included certain fractional lots which were not in the contract of November 12, thereby creating a material variance between the contract of sale and the contract tendered by appellee as performance of such contract.

Appellee's testimony as to the contract of November 12 being the contract under which he took the land, is direct and positive. The contract tendered December 14 can not be said to be such a performance of the contract of November 12 as would entitle him to the commission under the well-settled principle that an agent is not entitled to a commission until he shall produce a purchaser able, ready and willing to enter into a contract of purchase upon the terms proposed by the seller.

Furthermore, it is shown by the testimony of both

parties that appellant, December 15, within the life of the option contract of November 12, offered to execute the tendered contract, and thereby complete the deal, but appellee refused, so that the failure of the deal was in nowise due to appellant's refusal to consummate the same.

We have carefully read the testimony, and are clearly of the opinion that the judgment rendered by the court below is manifestly against the evidence; that the judgment should have been for appellant; that a retrial should not result in a judgment for appellee; that the judgment should be reversed, with directions to the court below to dismiss the action.

*Reversed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.